HENRY OBERBECK, Respondent, *v.* SPORTSMAN'S PARK AND CLUB ASSOCIATION, Appellant.

### April 7, 1885.

1. CONTRACTS — CONSTRUCTION — CONTEMPORANEOUS WRITINGS. — A writing designed to supersede a former writing is not to be construed in connection with such former one in order to determine the intention of the parties thereto.

2. —— PRACTICE.—A defendant who tries his case upon the theory and contention that the contract sued on superseded another executed on the same day, can not, on appeal, contend that the two writings should have been construed together.

3. —— INSTRUCTIONS.—In a suit on an instrument of writing where the evidence is conflicting as to whether one or two instruments were executed, and where the defence rests wholly on the ground that two instruments were executed, the court properly instructs the jury that if they believe from the evidence that but one instrument was executed they will find for the plaintiff.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

T. J. CORNELIUS, for the appellant.

PATTISON & CRANE, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is a suit to recover damages for a breach of contract for personal services instituted by the employe against his employer. The plaintiff recovered judgment in the trial court for the sum of $431.12, which is supported by sufficient evidence; the only question presented to us by the defendant on this appeal, is the correctness of the judge's charge to the jury.

The plaintiff, in his petition, claims that he was employed by defendant as a base ball player for the season of 1883, beginning May 23rd, 1883, and ending October 31st, 1883. That the employment was by written contract, executed and bearing date May 24th, 1883, providing for a compensation of $785.00, to be paid by defendant to plaintiff in semi-monthly installments. That the plaintiff entered at once upon the discharge of his duties under said contract and performed the same until the 23rd day of June, 1883, but that defendant would not permit him to perform the residue of his services, although the plaintiff was willing and offered to do so. That plaintiff was paid by defendant the sum of $150.00, and no more, and that defendant still owes him the sum of $635, stipulated to be paid in semi-monthly installments, for which amount and interest he prays judgment.

The contract sued upon was filed with the petition (and is herein referred to as contract A). The answer admits the execution of the instrument sued upon, but claims that the contract was made subject to the

approval of the American Association of Base Ball Clubs; that such approval was never had; and that thereafter, on or about April 24th, 1883, plaintiff and defendant entered into another contract, a copy of which is filed with the answer (and is herein referred to as contract B); that when such second contract was executed the first contract was abandoned and cancelled.

The execution of contract B is denied by plaintiff in his reply under oath. The reply among other things states that plaintiff never signed but one contract; that he signed that contract in duplicate; and that if contract B is signed by him it was so signed upon defendant's misrepresentation that it was a duplicate of A.

Evidence was adduced by the parties in support of their respective positions.

The essential difference between contract A and contract B consists of the fact, that by the latter, the right to terminate the employment at any time was reserved to defendant, while under the former no such right was reserved, and a termination of the contract by defendant without just cause would subject it to an action of damages for the breach thereof.

The court instructed the jury in substance, that if they found that the plaintiff executed the contract B subsequent to the execution of contract A, he could not recover, otherwise he was entitled to recover, unless the jury further found that he was discharged for just cause. The court also instructed the jury, that if they found for plaintiff they should assess his damages at the sum of $635.00, less such amounts as the jury found plaintiff had earned, or by reasonable diligence might have earned between the date of his discharge and October 31st, 1883.

We cannot see what just complaint the defendant can make to this charge. An argument is made by its counsel here, and pressed with apparent earnestness, that the court erred because its instructions exclude the possibility of construing the two instruments together

as part of the same contract. A number of cases are cited in support of the unquestioned proposition, that where several instruments are executed either contemporaneously, or as part of the same transaction, they must be construed together in ascertaining the contract between the parties. The conclusive answer to the argument thus urged upon us rests in the fact that the case was not put on that ground either by the pleadings or by the evidence. Plaintiff's claim was that he executed only one contract, which was the one executed May 24th, 1883, and filed with the petition. Defendant contended that the contract executed May 24th, 1883, was subsequently abandoned and cancelled, and a new contract executed a few days subsequent thereto, which is filed with the answer. If plaintiff's testimony was true he was entitled to recover; if defendant's evidence was true it was entitled to a verdict. Both could not be true, and the jury, under the instruction of the court, adopted plaintiff's version of the transaction, which was borne out by sufficient evidence. The only complaint that defendant is entitled to make is that the verdict is against the weight of evidence. That objection was made in the trial court and overruled, and the action of the trial court in that regard is not subject to review here.

Judgment affirmed. All the judges concur.